**In re FORD MOTOR COMPANY, Petitioner.**

No. 84–1746.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1984.

Decided Dec. 28, 1984.

Sidney S. McMath, Little Rock, Ark., for respondent.

Alston Jennings, Wright, Lindsey & Jennings, Little Rock, Ark., for petitioner.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Ford Motor Co. seeks review of a pretrial order entered in the District Court [1] for the Eastern District of Arkansas denying Ford's motion to disqualify counsel representing the plaintiff in a products liability suit against Ford. Ford requests this court to issue a writ of mandamus pursuant to 28 U.S.C. § 1651 directing the district court to grant the motion to disqualify. For the reasons discussed below, we deny the petition for writ of mandamus.

Respondent Winslow Drummond is a member of the McMath law firm in Little Rock, Arkansas, and is counsel for the plaintiff in a suit seeking damages from Ford for injuries sustained in a fire in the plaintiff's seven-month old 1983 Ford pickup truck. The complaint charges that Ford is liable for the plaintiff's injuries and is based on strict liability and breach of implied warranties of merchantability and fitness for a particular purpose. The plaintiff seeks both compensatory and exemplary damages.

**1.** The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

Prior to joining the McMath law firm, Drummond had been a member of the Wright, Lindsey & Jennings law firm, also of Little Rock, Arkansas, which served as local counsel for Ford. From 1974–1982, Drummond was lead counsel for Ford in litigation filed against Ford in Arkansas. Ford stated that the pending products liability suit brought by Drummond against Ford involves matters substantially related to the litigation Drummond had previously handled on behalf of Ford and that Ford had shared confidential matters with Drummond.

Ford filed a motion to disqualify Drummond and the McMath law firm as counsel for the plaintiff in the pending products liability case, arguing that their representation of the plaintiff violated Canon 4 and Canon 9 of the Model Code of Professional Responsibility.[2] The district court found no "substantial relationship," *see, e.g., T.C. Theatre Corp. v. Warner Bros. Pictures, Inc.,* 113 F.Supp. 265, 268–69 (S.D.N.Y. 1953), and denied the motion to disqualify. Ford sought immediate review of the order denying the motion to disqualify by petitioning this court for a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651. *See In re Multi-Piece Rim Products Liability Litigation,* 612 F.2d 377, 378 (8th Cir.1980), *vacated on other grounds sub nom. Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) (*Firestone*).

■ "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976) (*Kerr*); *see, e.g., Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967); *Central Microfilm Service Corp. v. Basic/Four Corp.,* 688 F.2d 1206, 1212 (8th Cir.1982) *cert. denied,* 459 U.S. 1204, 103 S.Ct. 1191, 75 L.Ed.2d 436 (1983); *Sperry Rand Corp. v. Larson,* 554 F.2d 868, 872 (8th Cir.1977). It is available only in those

exceptional circumstances amounting to a judicial usurpation of power. *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (per curiam) (*Allied Chemical*); *Will v. United States,* 389 U.S. at 95, 88 S.Ct. at 273; *In re Burlington Northern, Inc.,* 679 F.2d 762, 767 (8th Cir.1982); *In re Brotherhood of Railway, Airline & Steamship Clerks,* 605 F.2d 1073, 1075 (8th Cir.1979) (per curiam).

■ The courts are extremely reluctant to grant a writ of mandamus. As noted by the Supreme Court,

[i]ts use has the unfortunate consequence of making a district court judge a litigant, and it indisputably contributes to piecemeal appellate litigation. It has been Congress' determination since the Judiciary Act of 1789 that as a general rule appellate review should be postponed until after final judgment has been rendered by the trial court.... In order to insure that the writ will issue only in extraordinary circumstances, this Court has required that a party seeking issuance have no other adequate means to attain the relief he desires, ... and that he satisfy the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'"

*Allied Chemical,* 449 U.S. at 35, 101 S.Ct. at 190 (citations omitted). "Moreover, it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." *Kerr,* 426 U.S. at 403, 96 S.Ct. at 2124.

■ Denial of a motion to disqualify counsel will rarely justify the issuance of a writ of mandamus. In the present case Ford may attain the relief it desires by seeking review of the order on direct appeal after final judgment. As noted in *Firestone,* "[t]he propriety of the district court's denial of a disqualification motion will often be difficult to assess until its impact on the underlying litigation may be

**2.** Model Code of Professional Responsibility Canon 4 ("A lawyer should preserve the confidences and secrets of a client."), Canon 9 ("A lawyer should avoid even the appearance of professional impropriety.").

evaluated, which is normally only after final judgment." 449 U.S. at 377, 101 S.Ct. at 675.[3] The Supreme Court further noted that

> [t]he decision whether to disqualify an attorney ordinarily turns on the peculiar factual situation of the case then at hand, and the order embodying such a decision will rarely, if ever, represent a final rejection of a claim of fundamental right that cannot effectively be reviewed following judgment on the merits.

*Id.* The Supreme Court recognized that even in those situations where a party would suffer some irreparable harm if forced to wait until after a final judgment before securing appellate review of the order denying the motion to disqualify counsel,

> the moving party may seek sanctions short of disqualification, such as a protective order limiting counsel's ability to disclose or to act on purportedly confidential information. If additional facts in support of the motion develop in the course of the litigation, the moving party may ask the trial court to reconsider its decision. Ultimately, if dissatisfied with the result in the District Court and absolutely determined that it will be harmed irreparably, a party may seek to have the question certified for interlocutory appellate review pursuant to 28 U.S.C. § 1292(b), ... and, in the exceptional circumstances for which it was designed, a writ of mandamus from the court of appeals might be available.

*Id.* at 378–79 n. 13, 101 S.Ct. at 675–76 n. 13 (citations omitted). Clearly, a petition for writ of mandamus represents the moving party's last resort.

Ford has failed to show that it will be irreparably harmed or that its opportunity for meaningful appellate review will be lost unless immediate review is permitted. As was the case in *Firestone*, Ford has not shown that "the harm it might suffer if forced to await the final outcome of the litigation before appealing the denial of its disqualification motion is any greater than the harm suffered by any litigant forced to wait until the termination of the trial before challenging interlocutory orders it considers erroneous." *Id.* at 379 n. 13, 101 S.Ct. at 676 n. 13. Ford, however, asserts that mandamus relief is necessary to correct clear legal error. We must disagree. "If we applied the reasoning advanced by [Ford], then every interlocutory order which is wrong might be reviewed under the All Writs Act[, 28 U.S.C. § 1651].... In strictly circumscribing piecemeal appeal, Congress must have realized that in the course of judicial decision some interlocutory orders might be erroneous." *Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 382–83, 74 S.Ct. 145, 147–48, 98 L.Ed. 106 (1953) (footnote omitted); *see, e.g., In re South Dakota,* 692 F.2d 1158, 1162 n. 8 (8th Cir.1982).

> [T]he potential harm that might be caused by requiring that a party await final judgment before it may appeal even when the denial of its disqualification motion was erroneous does not "diffe[r] in any significant way from the harm resulting from other interlocutory orders that may be erroneous, such as orders requiring discovery over a work-product objection or orders denying motions for recusal of the trial judge."

---

**3.** In *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), the Supreme Court affirmed this court's holding that an interlocutory order denying a motion to disqualify counsel does not fall within the "collateral order" exception of *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (*Cohen*), and thus is not subject to appeal under 28 U.S.C. § 1291. The Supreme Court in *Cohen* recognized a narrow exception to the requirement that all appeals pursuant to 28 U.S.C. § 1291 await final judg-

ment on the merits. The Court held that some orders that did not end the main litigation were nonetheless final and appealable under § 1291. To come within this very limited class of "collateral orders," "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (citations and footnote omitted).

*Firestone,* 449 U.S. at 378, 101 S.Ct. at 675, *citing Armstrong v. McAlpin,* 625 F.2d 433, 438 (2d Cir.1980) (banc), *vacated on other grounds,* 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981) (in light of the *Firestone* opinion). Should this court conclude on appeal that the district court abused its discretion in denying the motion to disqualify counsel, we can at that time vacate the judgment and order a new trial. *Firestone,* 449 U.S. at 378, 101 S.Ct. at 675.

Accordingly, the petition for writ of mandamus is denied. We express no opinion on the merits of the motion to disqualify.