838 F.2d 1209
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re William M. CLAY, Individually and as one of all others
similarly situated in Civil Action No. 2:85-0719,
Petitioner.
 No. 87-8032.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 30, 1987.
Decided: Jan. 25, 1988.
 
 Before K.K. HALL, JAMES DICKSON PHILLIPS, and WILKINSON, Circuit Judges.
 William M. Clay, petitioner pro se.
 PER CURIAM:
 
 
 1
 William M. Clay, an inmate at Huttonsville (West Virginia) Correctional Center, has petitioned this Court for a writ of mandamus directing that the sheriffs and county commissioners of certain West Virginia counties, and the state prisons at Huttonsville and Moundsville, be added as parties to a portion of a final order entered in Basham v. Jones, C/A No. 2:85:0719 (S.D.W.Va. July 24, 1987). The Basham order implements a series of agreements reached by Kanawha County (West Virginia) officials and inmates at Kanawha County Jail pertaining to conditions of confinement at that institution. Petitioner would have this Court order that portions of the Basham order governing inmates' access to telephones be made applicable to inmates at the Huttonsville and Moundsville prisons and the jails serving a number of other West Virginia counties.
 
 
 2
 We recently addressed the use of mandamus relief in In re: Beard, 811 F.2d 818 (4th Cir.1987). Several points made in that opinion are quite appropriate for disposing of Clay's petition:
 
 
 3
 The granting of a writ of mandamus is a drastic remedy to be used only in extraordinary situations. Kerr v. United States, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976).... The party seeking mandamus relief carries the heavy burden of showing that he has "no other adequate means to attain the relief he desires" and that his right to such relief is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980), quoted in In re: Ralston Purina Co. [726 F.2d 1002, 1003 (4th Cir.1984) ] at 1004; In re: International Business Machines Corp., 618 F.2d 923, 927 (2d Cir.1980).
 
 
 4
 Courts are extremely reluctant to grant a writ of mandamus. In re: Ford Motor Co., 751 F.2d 274, 275 (8th Cir.1984).
 
 
 5
 811 F.2d at 826-27.
 
 
 6
 Petitioner Clay has made no showing that warrants the granting of extraordinary relief. The Federal Rules of Civil Procedure make liberal provisions for the joinder and intervention of parties in civil actions; petitioner does not aver what effort, if any, he has made to join or intervene in the Basham v. Jones civil action. We do not condone the extraordinary remedy of mandamus to circumvent the normal trial and appellate processes; relief by mandamus is available only where there is no other adequate legal remedy. See In re: United Steelworkers, 595 F.2d 958, 960 (4th Cir.1977), and Holmes v. United States Board of Parole, 541 F.2d 1243, 1247 (4th Cir.1976). Petitioner may commence an independent civil action seeking the relief he would have this Court order by mandamus; he makes no showing what efforts, if any, he has made so to proceed.
 
 
 7
 Accordingly, we grant petitioner's application to proceed in forma pauperis, deny his petition for a writ of mandamus, and dismiss the action.
 
 
 8
 DISMISSED.