895 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Karl A. SCHLEDWITZ, Defendant-Appellant.
 No. 90-5074.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1990.
 
 1
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and ROBERT HOLMES BELL, District Judge*
 
 ORDER
 
 2
 The defendant, Karl A. Schledwitz, appeals an order denying his attorney's motion to be relieved as counsel in this criminal prosecution. The government has moved for dismissal of the appeal on grounds it is taken from a nonappealable, interlocutory order. The defendant has filed his brief, responding in opposition to the motion. The defendant has also moved this Court to stay further proceedings in the district court pending resolution of this appeal, or, in the alternative, to grant a writ of mandamus to stay any further proceeding and to permit the defendant's counsel to withdraw. The government responds in opposition to the motion to stay.
 
 
 3
 The defendant argues that the district court's order is a "final" collateral order within the meaning of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). That exception has been strictly limited in criminal cases. See Midland Asphalt Corp. v. United States, 109 S.Ct. 1494, 1497 (1989). Matters relating to the disqualification of counsel do not fall within the exception of Cohen. Flanagan v. United States, 465 U.S. 259 (1984). The district court's characterization of its order as being appropriate for interlocutory review is not binding upon this Court. Given the strong policy against piecemeal appeals in criminal actions, we conclude that this Court lacks jurisdiction to review the district court's order denying the motion to withdraw as counsel.
 
 
 4
 We also decline to exercise our authority in mandamus to either stay the trial in the district court or review the district court's denial of disqualification. Mandamus is an extraordinary remedy, to be invoked only in extraordinary situations. Kerr v. United States District Court, 426 U.S. 394 (1976). It is not appropriate for the review of orders relating to disqualification matters. See In re: Mechem, 880 F.2d 872 (6th Cir.1989); In re: Ford Motor Company, 751 F.2d 274 (8th Cir.1984).
 
 
 5
 It is therefore ORDERED that the motion to dismiss is granted, and the request for mandamus is denied. The defendant's motion to stay the commencement of trial is moot.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation