**Karen R. LUNDE, Appellant,**

v.

**Charles M. HELMS, Associate Dean for Student Affairs and Curriculum, College of Medicine, University of Iowa; John W. Eckstein, Dean of the College of Medicine, University of Iowa; Hunter R. Rawlings III, President, University of Iowa; Jerald W. Dallam, Registrar, University of Iowa; and the University of Iowa, State of Iowa, Appellees.**

No. 89–2489.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 6, 1989.

Decided March 23, 1990.

Rehearing and Rehearing En Banc Denied May 14, 1990.

**1344**

Paul D. Lunde, Ames, Iowa, for appellant.

Elizabeth M. Osenbaugh, Des Moines, Iowa, for appellees.

Before LAY, Chief Judge, and McMILLIAN and WOLLMAN, Circuit Judges.

PER CURIAM.

Karen R. Lunde appeals from several orders entered in the District Court[1] for the Southern District of Iowa denying her request for preliminary injunctive relief, denying her motion to disqualify defense

counsel, and staying proceedings in federal court pending disposition of certain on-going state administrative and judicial proceedings. For the reasons discussed below, we hold that we lack jurisdiction to review the orders denying the motion to disqualify counsel and staying proceedings in federal court and dismiss that part of the appeal for lack of jurisdiction. Treating this part of the appeal as a petition for writ of mandamus, we hold that the district court did not abuse its discretion in denying the motion to disqualify counsel or in granting the stay. We also hold that the district court did not abuse its discretion in denying preliminary injunctive relief and accordingly affirm that part of the appeal.

Plaintiff was a third-year medical student. According to defendants, she was dismissed for poor clinical performance. In February 1989 plaintiff filed a 42 U.S.C. § 1983 complaint against defendants seeking declaratory and injunctive relief. She alleged that she had been wrongfully dismissed. Plaintiff dismissed her initial complaint and refiled, alleging sex discrimination. On February 16, 1989, the district court denied her request for a preliminary injunction. Defendants then filed motions to dismiss. Plaintiff filed a Fed.R.Civ.P. 60(b) motion on the ground of fraudulent misrepresentation and a second request for preliminary injunctive relief. On March 30, 1989, the district court denied the Rule 60(b) motion. Plaintiff filed a notice of appeal on April 4, 1989.

On May 4, 1989, this court dismissed as untimely filed that part of the appeal involving the denial of preliminary injunctive relief but permitted the appeal from the denial of the Rule 60(b) motion to proceed. On December 7, 1989, this court affirmed the district court's denial of the Rule 60(b) motion. *Lunde v. Helms*, 894 F.2d 1341 (8th Cir.1989) (per curiam).

In the meantime, in August 1989, plaintiff filed an amended complaint alleging that she had been discriminated against

---

**1.** The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

because of her sex, dismissed from medical school as punishment for exercising her first amendment rights, and denied due process. She again sought declaratory and injunctive relief as well as monetary damages. She specifically renewed her request for preliminary injunctive relief and sought to disqualify defense counsel on the ground of conflict of interest. On August 31, 1989, the district court denied the motion to disqualify counsel, denied preliminary injunctive relief, denied defendants' motion to dismiss, and stayed the case pending resolution of the on-going state administrative and judicial review proceedings. This appeal followed.

## MOTION TO DISQUALIFY COUNSEL

We lack appellate jurisdiction over the order denying the motion to disqualify counsel. Such an order is not final and does not fall within the collateral order exception. *See Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373–79, 101 S.Ct. 669, 672–76, 66 L.Ed.2d 571 (1981). We dismiss this part of the appeal for lack of jurisdiction. Treating this part of the appeal as a petition for writ of mandamus, we hold there are no exceptional circumstances which warrant extraordinary relief and deny the petition for writ of mandamus. *See In re Ford Motor Co.,* 751 F.2d 274, 275–77 (8th Cir.1984).

## STAY OF FEDERAL PROCEEDINGS

We also lack appellate jurisdiction over the order staying the federal case pending resolution of the on-going state administrative and judicial review proceedings. An order staying civil proceedings is interlocutory and not ordinarily a final decision for purposes of 28 U.S.C. § 1291. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 10–11 n. 11, 103 S.Ct. 927, 934 n. 11, 74 L.Ed.2d 765 (1983); *Cheyney State College Faculty v. Hufstedler,* 703 F.2d 732, 735 (3d Cir.1983) (*Cheyney State* ). "When a stay amounts to a dismissal of the underlying suit, however, an appellate court may review it. . . . An indefinite stay order that unreasonably delays a plaintiff's right to have his [or her] case heard is appealable."

*Cheyney State,* 703 F.2d at 735. "[D]etermination of the finality—and therefore the appealability—of the [district court order] first requires that we determine the substance of what was intended." *Brace v. O'Neill,* 567 F.2d 237, 242 (3d Cir.1977).

Although the stay in the present case is on its face indefinite in duration, the order contemplates further proceedings in federal court and thus does not have the practical effect of a dismissal. We think this stay merely temporarily suspended the federal case. *See Cheyney State,* 703 F.2d at 735–36 (stay pending federal administrative proceedings). The district court stayed the federal case until resolution of the on-going state administrative and judicial review proceedings in which plaintiff was challenging her dismissal from medical school. The district court order in fact leaves open the possibility that the stay could be vacated if plaintiff demonstrated that her federal constitutional or statutory rights would be infringed by or cannot be addressed in the on-going state proceedings.

Treating this part of the appeal as a petition for writ of mandamus, we hold the district court did not clearly abuse its discretion in staying the federal case pending resolution of the on-going state proceedings. In our view, this is a matter of docket management. *Id.* at 737–38, *citing Landis v. North American Co.,* 299 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936) (power to stay proceedings incidental to power inherent in every court to control docket).

## DENIAL OF PRELIMINARY INJUNCTIVE RELIEF

We do have appellate jurisdiction to review the order denying preliminary injunctive relief. 28 U.S.C. § 1292(a)(1); *see, e.g., Educata Corp. v. Scientific Computers, Inc.,* 746 F.2d 429, 430 (8th Cir.1984) (per curiam). The order on appeal in the present case is the March 30, 1989, order, not the February 16, 1989, order. The district court reviewed the record, applied the test set forth in *Dataphase Systems, Inc. v. C L Systems, Inc.,* 640 F.2d 109, 113 (8th Cir.1981) (banc) (*Dataphase* ), and

found (admittedly summarily) that, on balance, the *Dataphase* factors did not require judicial intervention to change the status quo by reinstating plaintiff as a medical student until the merits could be determined. We have reviewed the record and hold the district court did not abuse its discretion in denying preliminary injunctive relief.

Accordingly, the parts of the appeal challenging the district court orders denying the motion to disqualify counsel and staying the federal case are dismissed for lack of jurisdiction. Those parts of the appeal have also been treated as petitions for writs of mandamus and are denied. The district court order denying preliminary injunctive relief is affirmed.