977 F.2d 571
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Bryant BROWN, a/k/a Brian A. Brown, Petitioner.
 No. 92-8054.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 31, 1992.
Decided Sept. 28, 1992.
 
 On Petition for Writ of Mandamus.
 Bryant Brown, petitioner pro se.
 PETITION DENIED.
 Before SPROUSE and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Bryant Brown seeks mandamus relief directing the district court to transfer certain cases to the United States District Court for the District of Columbia, and seeking other relief. We deny the petition.
 
 
 2
 Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). The party seeking mandamus relief carries the heavy burden of showing that he has "no other adequate means to attain the relief he desires" and that his right to such relief is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Mandamus may not be utilized as a means of circumventing the normal appellate process. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir.1979). Courts are extremely reluctant to grant a writ of mandamus. In re Ford Motor Co., 751 F.2d 274, 275 (8th Cir.1984).
 
 
 3
 A review of the district court docket sheets reveals that in each case in which Brown seeks relief the case has in fact already been transferred to the District of Columbia or has been dismissed without prejudice to Brown's right to refile there. In addition, we note that in the bulk of these actions Brown has previously appealed the district court's disposition to this Court and we have upheld the lower court's action. Brown has made no showing that he is clearly entitled to relief on any of his remaining claims.
 
 
 4
 Finally, to the extent that Brown seeks to be released, his request is denied because there are other means available to him for challenging his continued confinement and he has no clear right to relief. 449 U.S. at 35.
 
 
 5
 Accordingly, though we grant leave to proceed in forma pauperis, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 PETITION DENIED.