29 F.3d 367
 93 Ed. Law Rep. 48
 Karen R. LUNDE, Appellant,
v.
Charles M. HELMS, Associate Dean for Student Affairs and
Curriculum, College of Medicine, University of Iowa; John
W. Eckstein, Dean of the College of Medicine, University of
Iowa; College of Medicine, University of Iowa; Hunter R.
Rawlings, III, President, University of Iowa; Jerald W.
Dallam, Registrar, University of Iowa; University of Iowa,
State of Iowa, Appellees.
 No. 93-2957.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 15, 1994.
Decided July 6, 1994.
 
 Paul D. Lunde, Johnston, IA, argued for appellant.
 John Parmeter, Asst. Atty. Gen., Des Moines, IA, argued for appellee.
 Before McMILLIAN, WOLLMAN and MAGILL, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 Karen R. Lunde appeals from a final order entered in the District Court[1] for the Southern District of Iowa granting summary judgment in favor of defendants, the University of Iowa and several individual university officials, because res judicata barred litigation of her amended complaint. Lunde v. Helms, No. 4-89-CV-80128 (S.D.Iowa July 2, 1993). For reversal Lunde argues the district court erred in (1) denying the motion to recuse and (2) granting summary judgment in favor of defendants. For the reasons discussed below, we affirm the order of the district court.
 
 
 2
 The following is an abbreviated statement of the facts. The facts have been set forth in some detail in the state appellate court opinion. Lunde v. Iowa Board of Regents, 487 N.W.2d 357 (Iowa Ct.App.), cert. denied, --- U.S. ----, 113 S.Ct. 377, 121 L.Ed.2d 288 (1992); see also Lunde v. Helms, 898 F.2d 1343 (8th Cir.) (per curiam) (appeal of stay of district court proceedings), cert. denied, 498 U.S. 897, 111 S.Ct. 249, 112 L.Ed.2d 208 (1990).
 
 
 3
 In 1987 Lunde received unsatisfactory reviews in three clinical rotations during her third year of medical school at the University of Iowa. The medical school placed her on academic probation. Lunde continued to have problems in clinical rotations and was granted a leave of absence. Lunde re-enrolled in June 1988 but continued to have clinical performance problems. On February 16, 1989, following an evaluation of her clinical performance, the medical school's committee on student promotions recommended cancellation of her registration in the medical school (in effect, dismissing her). The dismissal was reviewed and affirmed by the executive committee of the medical council and by the university's vice-president of academic affairs.
 
 
 4
 Earlier, on February 1, 1989, Lunde had filed a civil rights action in federal district court, alleging that she was about to be wrongfully dismissed from medical school. She sought declaratory relief, a temporary restraining order and a preliminary injunction. She later dismissed the initial complaint and, on February 15, 1989, filed an amended complaint alleging her dismissal was the result of sex discrimination. On February 16, 1989, the district court held a hearing and denied her request for a temporary restraining order and a preliminary injunction. (That was also the day the medical school dismissed her.) On March 22, 1989, the district court heard additional arguments. Lunde filed new motions for preliminary injunctive relief; defendants filed motions to dismiss. Lunde amended her complaint to allege her dismissal was punishment for exercising her first amendment rights and a denial of due process. In August 1989 the district court held additional hearings.
 
 
 5
 On August 31, 1989, the district court stayed further proceedings pending the outcome of administrative and state judicial proceedings concerning Lunde's challenge to her dismissal from medical school. The district court further noted that it would vacate the stay and hold further proceedings if Lunde demonstrated that any administrative and state judicial proceedings plainly infringed her constitutional rights or federal statutory rights and that the state courts refused to address or remedy them. Lunde appealed the stay order, and this court affirmed the stay as a matter of docket management. Lunde v. Helms, 898 F.2d at 1345.
 
 
 6
 In September 1989 the university board of regents denied Lunde's appeal of her dismissal. In October 1989 Lunde filed a petition for judicial review of the university's decision in state district court. Lunde expressly asserted that she was reserving her federal claims for litigation in federal district court; nevertheless, she vigorously litigated all of her federal claims in the state courts. Specifically, Lunde claimed that she was entitled to "contested case" procedures[2] and that defendants had discriminated against her on the basis of sex and had denied her freedom of speech, due process and equal protection. The state district court ruled that the dismissal was not a contested case under state law and, following a full adversarial trial, including the opportunity to present new evidence and to cross-examine witnesses, found that Lunde had been dismissed solely for academic reasons, not because of sex discrimination or in retaliation for expressing political views or opinions critical of medical school professors, and had not been denied due process or equal protection. The state appellate court affirmed, the state supreme court declined review, and the Supreme Court denied Lunde's petition for writ of certiorari.
 
 
 7
 Lunde then returned to federal district court and moved to dissolve the stay. She also moved to recuse the district judge on the ground of bias and prejudice. The district court vacated the stay, denied the motion to recuse and granted Lunde leave to file an amended complaint, adding a Title IX damages claim and a demand for a jury trial. Defendants filed an answer and a motion for summary judgment. Lunde filed a motion for partial summary judgment. Following a hearing conducted by telephone conference call, the district court granted summary judgment in favor of defendants on the ground of res judicata. The district court specifically noted that Lunde had already litigated in state court her claims that she had been dismissed from medical school because of sex discrimination, in retaliation for expressing her political views or opinions critical of medical school professors or in violation of due process and equal protection. Slip op. at 7-13. This appeal followed. We affirm.
 
 MOTION TO RECUSE
 
 8
 Lunde first argues the district court erred in denying the motion to recuse. Lunde argues the district judge was biased and prejudiced against her, in part because of his association with the University of Iowa, a party defendant. The district judge is a graduate of the University of Iowa College of Law. Lunde also argues the district judge has a "financial interest" in the University of Iowa because he had made financial contributions to the Iowa Law School Foundation and had presented two educational programs at the University of Iowa. Lunde further argues the district judge had a financial interest because her lawsuit, if successful, would result in a multi-million dollar judgment against the University of Iowa.
 
 
 9
 As a preliminary matter, we note that the district court could have denied the motion to recuse as untimely filed. The original complaint was filed in February 1989; the first amended complaint was filed in August 1989. The motion to recuse was not filed until December 1992. Allowing for the time the federal proceedings had been stayed, some seven or eight months had elapsed between the filing of the complaint and the motion to recuse. See, e.g., Willner v. University of Kansas, 848 F.2d 1023, 1028 (10th Cir.1988) (motion to recuse filed some 10 months after complaint was untimely) (citing cases), cert. denied, 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989). However, the district court did not rely on this ground and denied the motion to recuse on the merits.
 
 
 10
 We review rulings on motions to recuse for abuse of discretion. See, e.g., Gray v. University of Arkansas, 883 F.2d 1394, 1398 (8th Cir.1989) (judge's partnership five years earlier with member of Board of Trustees, a party defendant, was not grounds for recusal). The test is one of objective reasonableness, that is, whether the judicial officer's impartiality might reasonably be questioned under the circumstances. See 28 U.S.C. Sec. 455(a).
 
 
 11
 We hold the district court did not abuse its discretion in denying the motion to recuse. We do not think that the district judge's having graduated from the university law school, even though the university is a party defendant, without more, is a reasonable basis for questioning the judge's impartiality. See Easley v. University of Michigan Board of Regents, 906 F.2d 1143, 1146-47 (6th Cir.1990) (judge's graduation from and affiliation with law school, which was party defendant, not grounds for recusal, absent evidence that judge was privy to extrajudicial information relating to student's situation at law school), cert. denied, 499 U.S. 947, 111 S.Ct. 1414, 113 L.Ed.2d 467 (1991); Brody v. President of Harvard College, 664 F.2d 10, 11 (1st Cir.1981) (per curiam) (judge's having attended or graduated from university which was party to case, without more, not grounds for recusal), cert. denied, 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982).
 
 
 12
 In addition, we do not think the district judge has any financial interest in these proceedings. We do not think that making alumni contributions or participating in university educational programs, without more, is a reasonable basis for questioning the judge's impartiality. See Willner v. University of Kansas, 848 F.2d at 1028 (participation in alumni activities). Even a substantial judgment against the university would have no financial impact on the district judge as a graduate of the university law school.
 
 RES JUDICATA
 
 13
 Lunde next argues the district court erred in granting summary judgment in favor of defendants on the ground of res judicata. The district court held that Lunde's federal constitutional and statutory claims had already been fully and fairly litigated in the state courts and that therefore res judicata barred litigation of her federal action.
 
 
 14
 Lunde first argues the district court improperly stayed her federal action. These arguments were resolved against her on the merits in the first appeal and will not be reconsidered in this appeal. See Lunde v. Helms, 898 F.2d at 1345 (interlocutory appeal of stay treated as petition for writ of mandamus; holding district court did not abuse its discretion in staying federal case pending resolution of on-going state proceedings as matter of docket management).
 
 
 15
 Lunde also argues the district court erred in holding that the state court judgment barred any subsequent federal litigation. She argues that applying the doctrine of res judicata merely compounded the error involving the improper stay. We review a grant of summary judgment de novo. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir.1992); St. Paul Fire & Marine Insurance Co. v. FDIC, 968 F.2d 695, 699 (8th Cir.1992). We agree with the district court that litigation of Lunde's federal action was barred by the prior state court judgment and therefore defendants were entitled to judgment as a matter of law.
 
 
 16
 "Res judicata bars relitigation of a claim if: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." Lane v. Peterson, 899 F.2d 737, 741 (8th Cir.), cert. denied, 498 U.S. 823, 111 S.Ct. 74, 112 L.Ed.2d 48 (1990); see also Israel v. Farmers Mutual Insurance Ass'n, 339 N.W.2d 143, 146-47 (Iowa 1983) (similar analysis); cf. University of Tennessee v. Elliott, 478 U.S. 788, 798-99, 106 S.Ct. 3220, 3225-27, 92 L.Ed.2d 635 (1986) (preclusive effect given to decision of state agency acting in judicial capacity). All three requirements were met in the present case. Lunde fully and vigorously litigated her sex discrimination, first amendment, due process, and equal protection claims in state court. The state court judgment was a final judgment on the merits rendered by a court of competent jurisdiction. The parties were essentially the same in both cases. The state and federal lawsuits involved the same cause of action, that is, the same nucleus of operative facts. Lane v. Peterson, 899 F.2d at 742, citing Restatement (Second) of Judgments Sec. 24 (1980).
 
 
 17
 Accordingly, we affirm the order of the district court.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa
 
 
 [2]
 Under state law a "contested case" requires a formal, adversarial, evidentiary hearing before the state agency. By contrast, "other agency action" requires no more than an informal hearing. See Lunde v. Iowa Bd. of Regents, 487 N.W.2d 357, 359-60 (Iowa Ct.App.), cert. denied, --- U.S. ----, 113 S.Ct. 377, 121 L.Ed.2d 288 (1992). In the present case the university and the medical school did not follow the contested case procedures and instead followed the informal procedures set forth in the medical school student handbook