40 F.3d 1245
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re: Les WILLIAMS, Petitioner.
 No. 94-8052.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 26, 1994.
Decided October 11, 1994.
 
 Les Williams, petitioner pro se.
 PETITION DENIED.
 Before WILKINS and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 
 PER CURIAM
 
 1
 Les Williams has filed a petition for writ of mandamus in this Court to compel the district court to respond to his motion to substitute the counsel and monitor appointed to represent the plaintiffs in a consent decree entered into pursuant to a class action by South Carolina state inmates. Because Williams no longer is a member of the class, we deny his petition for writ of mandamus.
 
 
 2
 In May 1982, South Carolina state inmates brought a 42 U.S.C. Sec. 1983 (1988) action challenging the living conditions in the state's prisons. In February 1985, the district court issued an order certifying a class action with the class consisting of "adult prisoners committed to the [South Carolina Department of Corrections] and those who would be committed in the future." Plyler v. Leeke,[1] 1986 WL 84459, at * 3 (D.S.C. Mar. 26, 1986) (unpublished). Eventually the parties entered a consent decree which was approved by Judge Houck of the United States District Court for the District of South Carolina. W. Gaston Fairey is an attorney who represents the class and John Shupper acts as monitor.
 
 
 3
 Williams, a paroled South Carolina state inmate living in Florida, filed this petition for a writ of mandamus. He alleges that in August 1993, he filed a motion in the district court to have the court-appointed attorney and monitor disqualified and replaced. He claims that the court has not responded to that motion or to his September 1993 request for a hearing on his motion.[2] He asks this Court to compel the district court judge to respond to his motion.
 
 
 4
 Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). "[C]ourts are extremely reluctant to grant a writ of mandamus." In re Ford Motor Co., 751 F.2d 274, 275 (8th Cir.1984). The petitioner must show that he has no other adequate remedy and that he has a clear and undisputable right to the relief sought. Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989) (writ granted to relieve attorney from requirement imposed by district court to represent inmates in 42 U.S.C. Sec. 1983 (1988) action).
 
 
 5
 The consent decree concerns only injunctive relief. Generally claims for injunctive relief become moot when a prisoner no longer is subject to the conditions of which he complains. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991). Here, Williams no longer is subject to the prison conditions that are the subject of the consent decree because he no longer is imprisoned in South Carolina, but is on parole and living in Florida. Under the district court's definition of the plaintiff class in Plyler, as well as under the definition in the consent decree,[3] Williams is no longer a member of the class because he is no longer within the South Carolina Department of Corrections' custody. See County of Riverside v. McLaughlin, 500 U.S. 44, 51 (1991). Since he is no longer a member of the class represented by the counsel and monitor he seeks to replace, Williams failed to show that he has a clear and undisputable right to the relief he seeks.
 
 
 6
 For these reasons, although we grant Williams leave to proceed in forma pauperis, we deny his petition for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 PETITION DENIED
 
 
 [1]
 This case now is known as Plyler v. Evatt
 
 
 [2]
 In March 1994, the district court denied several unspecified class members' motions for replacement of counsel. Thus, Williams' petition for mandamus relief as to substitution of counsel may be moot. As explained below, however, even if this claim was not mooted by the district court's order, Williams is no longer a member of the class and therefore is not entitled to replacement of either counsel or monitor
 
 
 [3]
 If someone at time of consent decree was in plaintiff class, the consent decree defines the plaintiff class as "all persons sentenced or confined at present or in the future to the legal custody of the South Carolina Department of Corrections." Plyler v. Leeke, 1986 WL 84459, at * 3 (D.S.C. Mar. 26, 1986) (unpublished)