61 F.3d 908
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Barbara R. BURNS, Appellant,
v.
STATE of Minnesota, Appellee.
 Nos. 95-1137, 95-1138, 95-1139.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 13, 1995.
Filed: July 24, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Barbara Burns appeals the district court's[1] dismissal of her action. We affirm.
 
 
 2
 Burns filed a document designated "Notice of Removal," unaccompanied by any pleadings or any information identifying the state criminal action she sought to remove. The district court treated the document as a complaint under 42 U.S.C. Sec. 1983 and, after four months and notice to Burns, dismissed the action pursuant to Federal Rule of Civil Procedure 4(m) for lack of prosecution.
 
 
 3
 We conclude Burns did not effect a removal of her state case, because she did not comply with the removal statute. See 28 U.S.C. Sec. 1446(a) (notice of removal shall contain statement of grounds for removal, and copy of all process, pleadings, and orders served on defendant); cf. Okot v. Callahan, 788 F.2d 631, 633 (9th Cir.1986) (per curiam) (removal accomplished by fulfilling requirements of Sec. 1446; removal was effective where there was no allegation that statutory requirements not met). We also note she asserted no valid grounds for removal. Further, if Burns's filing is construed as a section 1983 suit, we conclude the district court did not abuse its discretion in dismissing it under Rule 4(m). See Edwards v. Edwards, 754 F.2d 298, 299 (8th Cir.1985) (per curiam) (standard of review).
 
 
 4
 Burns also appeals from an order of the district court requiring her to stop telephoning the court's chambers and to communicate with the court and court personnel only in writing. We conclude that the court did not abuse its discretion because this order relates to its inherent power to control its docket and the progression of cases before it. Cf. Lunde v. Helms, 898 F.2d 1343, 1345 (8th Cir.) (per curiam), cert. denied, 498 U.S. 897 (1990); Biby v. Kansas City Life Ins. Co., 629 F.2d 1289, 1293 (8th Cir.1980). Other district court[2] orders from which Burns appeals were also within its discretion.
 
 
 5
 The orders of the district court and its dismissal of Burns's action are affirmed.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota
 
 
 [2]
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota