**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 98-626**

———————————

In Re: EMMETT JOHNSON JAFARI,

Petitioner.

———————————

On Petition for Writ of Mandamus.  (CA-97-830-3)

———————————

Submitted:  October 20, 1998      Decided:  November 13, 1998

———————————

Before NIEMEYER and LUTTIG, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Emmett Johnson Jafari, Petitioner Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Emmett Jafari filed a petition for a writ of mandamus requesting this court to declare an order of the Richmond Circuit Court null and void and to compel the federal district court to vacate its order concerning the Richmond court's order. We deny the petition.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Courts are "extremely reluctant to grant a writ of mandamus." In re Ford Motor Co., 751 F.2d 274, 275 (8th Cir. 1984). The party seeking mandamus relief carries the heavy burden of showing he has "no other adequate means" to attain the relief he desires, and that his right to such relief is "clear and indisputable." Allied Chem. Corp. v. Diaflon, Inc., 449 U.S. 33, 35 (1980) (citations omitted).

We deny Jafari's petition for mandamus because he does not present extraordinary circumstances that require granting a writ of mandamus. He fails to show that his right to relief is clear and indisputable and that he has no other available means of relief. Accordingly, we deny leave to proceed in forma pauperis and deny mandamus relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED