# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3004

_____

Kreditverein der Bank Austria      *
Creditanstalt fur Niederösterreich      *
und Bergenland; Bank Austria      *
Creditanstalt AG,      *
     *
         Appellees,      *
     *    Appeal from the United States
   v.      *    District Court for the
     *    District of Minnesota.
Christa Nejezchleba,      *
     *
         Appellant.      *

_____

Submitted: February 12, 2007
Filed: March 1, 2007

_____

Before RILEY, MELLOY, and SHEPHERD, Circuit Judges.

_____

RILEY, Circuit Judge.

Christa Nejezchleba (Nejezchleba) appeals the district court's[1] order (1) granting in part and denying in part Kreditverein der Bank Austria Creditanstalt fur Niederösterreich und Bergenland and Bank Austria Creditanstalt AG's (collectively, the Banks) motion for partial summary judgment, (2) denying

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

Nejezchleba's motion for partial summary judgment, and (3) staying the proceedings pending calculation of damages by the Austrian courts. The Banks filed a motion to dismiss for lack of an immediately appealable order. We grant the motion to dismiss the appeal.

## I.   BACKGROUND

In 1995, the Banks commenced collection proceedings against Nejezchleba in Austria seeking repayment of four loans. In 2003, the Land Court for Civil Matters Vienna entered judgment against Nejezchleba. Nejezchleba appealed. The Upper Land Court Vienna affirmed regarding Nejezchleba's liability; however, the Austrian appellate court vacated the damages award and remanded to determine the amount of damages. The Land Court for Civil Matters Vienna has not yet determined the amount of damages.

In January 2004, the Banks filed a complaint against Nejezchleba in the District of Minnesota. The amended complaint alleged several causes of action: (1) four breach of loan agreement claims; (2) a constructive trust on Nejezchleba's real property in Minnesota; (3) recognition of a money judgment that had been assigned to Bank Austria Creditanstalt AG from the estate of Nejezchleba's late husband; and (4) recognition of the judgment of the Austrian courts. Nejezchleba answered and alleged several affirmative defenses, including the defense that the Austrian judgment was issued without due process of law and was not entitled to recognition, and Nejezchleba filed a counterclaim alleging the Banks improperly transferred funds from Nejezchleba's accounts. In a separate proceeding, the Banks filed a notice of lis pendens on Nejezchleba's real property in Minnesota.

The Banks filed a motion for partial summary judgment on the Banks' claim for recognition of the loans under the Uniform Foreign Country Money-Judgments Recognition Act (UFCMJRA), Minn. Stat. § 548.35, and on Nejezchleba's affirmative defense, arguing the Austrian judgment was entitled to recognition under the

UFCMJRA. The Banks also moved the district court to stay the proceedings pending the exhaustion of the issue of damages. Nejezchleba filed a motion for partial summary judgment on several claims, including the Banks' constructive trust claim.

The district court concluded (1) Austria's legal system provided due process for purposes of the UFCMJRA; (2) the Austrian judgment was not yet final for purposes of the UFCMJRA, so the judgment could not yet be recognized; and (3) a genuine issue of material fact precluded summary judgment on the Banks' constructive trust claim. Additionally, the district court stayed the proceedings pending determination by the Austrian courts of the specific damages amount.[2] Nejezchleba appeals.

The Banks filed a motion to dismiss the appeal for lack of an immediately appealable order. Nejezchleba responded arguing jurisdiction exists, and, in the alternative, if the court lacks jurisdiction, the appeal should be construed as a petition for a writ of mandamus. We initially consolidated the motion to dismiss with the merits; however, upon further review, we sever the motion to dismiss from the merits of the appeal and address the motion to dismiss.

---

[2]In the order, the district court stated:

> In the interests of judicial economy and the prevention of piecemeal litigation, the Court will stay this case pending the Austrian court's determination of damages with respect to the Loans Judgment. The Court will permit the parties to bring motions for summary judgment on remaining issues, including recognition of the Loans Judgment and the Assigned Judgment, as well as defendant's counterclaim, at that time.

The district court ordered: "This action in all other respects is **STAYED** pending a determination by the Austrian courts of the specific amount of damages with respect to the Loan Judgment."

## II.    DISCUSSION[3]

As always, we must determine whether we have jurisdiction over Nejezchleba's appeal. See Carter v. Ashland, Inc., 450 F.3d 795, 796 (8th Cir. 2006) (per curiam). Section 1291 of Title 28, United States Code, provides the courts of appeals with jurisdiction over appeals from the final decisions of the district courts. Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 203 (1999).

### A.    Immediately Appealable Order

As a preliminary matter, we must decide whether the district court stayed the proceedings pursuant to the court's inherent powers or abstained under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), and Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983). Compare Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (reasoning "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"), with Mountain Pure, LLC v. Turner Holdings, LLC, 439 F.3d 920, 926-27 (8th Cir. 2006) (discussing the propriety of abstention pursuant to Colorado River and Moses H. Cone). The line dividing a stay pending resolution of an issue by another court and abstention under Colorado River and Moses H. Cone is not clear. See 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3914.13 (2d ed. 1992). The distinction is important because a stay pursuant to the court's inherent powers is typically an order that is not immediately appealable under § 1291. See Moses H. Cone, 460 U.S. at 10 n.11; Boushel v. Toro Co., 985 F.2d 406, 408 (8th Cir. 1993). In contrast, abstention under Colorado River and Moses H. Cone is usually an immediately appealable order. See Wolfson v. Mut. Benefit Life Ins. Co., 51 F.3d 141, 144 (8th Cir. 1995), abrogated on

---

[3]We review the stay order based on the facts of record before the district court. See Clinton v. Jones, 520 U.S. 681, 708 (1997); Smith v. Cent. Ariz. Water Conservation Dist., 418 F.3d 1028, 1033 n.5 (9th Cir. 2005). "The proponent of a stay bears the burden of establishing its need." Clinton, 520 U.S. at 708.

other grounds by <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 711 (1996), <u>as recognized in</u> <u>In re Otter Tail Power Co.</u>, 116 F.3d 1207, 1215 n.7 (8th Cir. 1997).

Here, the district court ordered the proceedings stayed pending the determination of damages by the Austrian courts. The district court neither cited nor conducted an analysis under <u>Colorado River</u> or <u>Moses H. Cone</u>.[4] Neither of these facts is controlling though because finality is determined by looking at the substance of what the district court intended. <u>See</u> <u>Lunde v. Helms</u>, 898 F.2d 1343, 1345 (8th Cir. 1990) (per curiam).

"The only time that an order granting a stay will be considered a final order is if [the stay] is tantamount to a dismissal and [the stay] effectively ends the litigation." <u>Boushel</u>, 985 F.2d at 408 (citing <u>Moses H. Cone</u>, 460 U.S. at 10); <u>Lunde</u>, 898 F.2d at 1345 ("'When a stay amounts to a dismissal of the underlying suit, however, an appellate court may review it.'" (quoting <u>Cheyney State Coll. Faculty v. Hufstedler</u>, 703 F.2d 732, 735 (3d Cir. 1983))). Specifically, a stay is immediately appealable if the district court proceedings were stayed to allow pending parallel proceedings, which involve the same parties litigating the same claims and issues, to adjudicate the

---

[4]The six <u>Colorado River</u>/<u>Moses H. Cone</u> factors are:

(1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

<u>U.S. Fid. & Guar. Co. v. Murphy Oil USA, Inc.</u>, 21 F.3d 259, 263 (8th Cir. 1994).

claims and issues, and the judgment of the parallel proceedings will be given res judicata effect. See In re Kozeny, 236 F.3d 615, 618 (10th Cir. 2000) (per curiam) (addressing an appeal of a stay pending international proceedings); Michelson v. Citicorp Nat'l Servs., Inc., 138 F.3d 508, 515 (3d Cir. 1998); see also Moses H. Cone, 460 U.S. at 10 n.11 (stating a stay is immediately appealable if "the object of the stay is to require all or an essential part of the federal suit to be litigated in [another] forum" or "when the sole purpose and effect of the stay are precisely to surrender jurisdiction of a federal suit to [another] court").

Here, the outcome of the Austrian litigation will affect only a small portion of the district court proceedings. Cf. Michelson, 138 F.3d at 516. Although the parties have been and will continue to litigate in Austria, the claims and issues litigated in Austrian courts are not all or essentially all of the claims and issues to be adjudicated in the district court proceedings. The only issue left to be resolved in the Austrian litigation is the amount of damages. The claims in the district court proceedings include (1) the constructive trust, (2) the recognition of the assignment, and (3) the recognition of the Austrian judgments. The Austrian courts' determination of damages will not resolve all of, or even most of, the issues before the district court.

The stay order contemplates conducting future proceedings after the Austrian courts have decided the amount of damages. See Lunde, 898 F.2d at 1345 (noting a stay order that contemplates further proceedings does not have the same effect as dismissing the case, and thus is not immediately appealable). Additionally, the Banks seek a remedy in the district court proceeding the Banks cannot seek in the Austrian litigation, specifically, a judgment against Nejezchleba's real property in Minnesota. Because the claims, issues, and available remedies in the district court proceedings and Austrian proceedings vary, the district court proceedings will continue regardless of how the Austrian courts determine the amount of damages. See Boushel, 985 F.2d at 409 (concluding the circuit court lacked jurisdiction over the appeal of a stay order, even though "the two concurrent suits involve many of the same issues," because the

resolution of the other proceeding would "not necessarily foreclose additional proceedings in the United States action").

Furthermore, the Austrian judgment will not put Nejezchleba "effectively out of court." Moses H. Cone, 460 U.S. at 10. Before the district court can give the Austrian judgment res judicata effect, the district court must recognize the judgment under the UFCMJRA. See Minn. Stat. § 548.35(4) (setting forth grounds for nonrecognition of judgments). This prerequisite ensures the Austrian courts' final judgment will not bar further district court proceedings. See Boushel, 985 F.2d at 409; see also Kozeny, 236 F.3d at 619 (concluding a stay was not a final appealable order because a judgment in the foreign litigation would "not necessarily end the litigation in [the United States]"). Even if the district court gives the Austrian courts' damages award res judicata effect, the effect is not of sufficient magnitude to render the stay immediately appealable because the damages issue is more than offset by issues relating to the constructive trust, the recognition of the assignment, and the recognition of the Austrian judgments. Michelson, 138 F.3d at 514 (requiring the stay to give res judicata effect "on all or an important part of the subsequent federal case" to be immediately appealable); Boushel, 985 F.2d at 409 (holding some res judicata effect from a foreign judgment was insufficient to make a stay immediately appealable).

The district court's stay order is not immediately appealable under Colorado River and Moses H. Cone.[5]

---

[5]Based on statements made during oral argument, the district court, at its discretion, may wish to vacate and address the portion of the stay concerning the Banks' constructive trust claim. See Lunde, 898 F.2d at 1345.

**B.     Collateral Order**

As an alternative ground for appellate jurisdiction, Nejezchleba asserts jurisdiction exists under the collateral order doctrine.  "To qualify for immediate appeal under the collateral order doctrine, an order must conclusively decide a disputed question that is important and distinct from the case's merits, and the decision must be effectively unreviewable on appeal from a final judgment." Kassuelke v. Alliant Techsystems, Inc., 223 F.3d 929, 931 (8th Cir. 2000) (citing Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949), and Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978))).  The collateral order doctrine is a narrow exception to the general rule entitling a party to a single appeal after a final judgment has been entered. Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 868 (1994).

In Moses H. Cone, an order staying the proceedings pending resolution of an issue in another forum qualified for immediate appeal under the collateral order doctrine because the stay order amounted to a refusal to adjudicate the merits.  Moses H. Cone, 460 U.S. at 12-13.  The Supreme Court noted, "there is no step towards final judgment, but a refusal to proceed at all."  Id. at 12 n.13.  Here, in contrast, the order staying the proceedings only delayed the proceedings relating to the amount of damages and, after the Austrian courts' damage award has been decided, the district court will consider every remaining claim and issue.  The stay order does not foreclose Nejezchleba's opportunity to adjudicate the issues in a federal forum; rather, the stay order only, and logically, delays this opportunity.  See Kozeny, 236 F.3d at 619-20. The delay in Nejezchleba's opportunity to adjudicate in federal court is insufficiently significant to qualify as important under the collateral order doctrine. Michelson, 138 F.3d at 517.

The stay is not immediately appealable under the collateral order doctrine.

## C. Writ of Mandamus

Nejezchleba requests, if the district court's stay order cannot be immediately appealed, the appeal be construed as a petition for a writ of mandamus. Nejezchleba alleges the denial of summary judgment on the Banks' constructive trust claim enabled the Banks to file a notice of lis pendens, which prevents Nejezchleba from having a free and clear title to her real property. See generally 54 C.J.S. Lis Pendens § 41.

A writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" Cheney v. U.S. Dist. Ct. for the D.C., 542 U.S. 367, 380 (2004) (quoting Ex parte Fahey, 332 U.S. 258, 259-60 (1947)). "To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek and carry the burden of showing that their right to issuance of the writ is clear and indisputable." Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 309 (1989) (citations, internal quotation marks, and alterations omitted).

Here, Minnesota Statutes § 557.02 sets forth the procedures to file a notice of lis pendens. Rehnberg v. Minn. Homes, Inc., 52 N.W.2d 454, 456 (Minn. 1952) (stating a notice of lis pendens can only be properly filed if the underlying cause of action affects (1) the title to real property, (2) any interest in real property, or (3) a lien upon real property, which cannot be based on an expectant judgment). Any notice of lis pendens that is not in accordance with § 557.02 will be cancelled.[6] See Grace Dev. Co. v. Houston, 237 N.W.2d 73, 74-75 (Minn. 1975); see also Bly v. Gensmer, 386 N.W.2d 767, 769 (Minn. Ct. App. 1986) ("A constructive trust is not, in itself, construed as a lien on or as affecting title to property; it does not exist so as to affect the property held by the wrongdoer until it is declared by a court as a means of

---

[6]The issue of whether the Banks' notice of lis pendens is valid under § 557.02 is not before the court.

affording relief." ).  Because Nejezchleba has an adequate alternative means under Minnesota law to obtain relief, the petition for writ of mandamus is denied.

## III.   CONCLUSION

We dismiss Nejezchleba's appeal for lack of jurisdiction.

_____