**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 29 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

VIKTOR KOZENY; LANDLOCKED
SHIPPING COMPANY; PEAK
HOUSE CORPORATION;
TURNSTAR LIMITED,

Petitioners.

No. 00-1465
(D.C. No. 00-B-383)
(D. Colo.)

---

**ORDER**

---

Before **TACHA** and **BRORBY** , Circuit Judges.

This matter comes before the court on petitioners' petition for a writ of

mandamus. The request for mandamus arises from a Colorado district court case

in which the plaintiffs allege that Viktor Kozeny and corporations either owned or

controlled by him engaged in an extensive pattern of fraudulent conduct while

entering into investment and custodian contracts that resulted in plaintiffs' loss of

more than $140 million. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v.*

*Kozeny*, 115 F. Supp. 2d 1243 (D. Colo. 2000) [hereinafter *Kozeny II*].

## I.  Facts and prior proceedings

The operative contracts are expressly governed by English law and contained a London forum selection clause.  In December 1999, plaintiffs brought an action in London against Mr. Kozeny and two of his corporations pursuant to English common law.  The London court entered a "freezing" order for Mr. Kozeny's assets in December 1999, specifically naming property located in Aspen, Colorado, that plaintiffs alleged was obtained, furnished, and/or maintained with funds Mr. Kozeny fraudulently diverted from them.

The three corporate defendants in the Colorado case are either the title owners of the real property (a house worth $30 million in Aspen), the managers of that real property, or the title owners of personal property located inside the Aspen house.  Plaintiffs brought the action at bar under the Colorado Organized Crime Control Act (COCCA), Colo. Rev. Stat. §§ 18-17-101 to -109, and then amended their complaint to add federal RICO and securities act claims, although the district court stated that the plaintiffs' real objective was to maintain the status quo of the Colorado assets in the event they prevailed in the London case. *See* Pet. Ex. F. at 3.

In June 2000, the Colorado district court entered preliminary injunctions pursuant to § 18-17-106(6).  *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v.*

*Kozeny*, 115 F. Supp. 2d 1231 (D. Colo. 2000). The injunctions prohibit the sale or transfer of the Colorado assets but allow defendants to lease the Aspen house and use the proceeds from the lease to maintain it. Defendants have appealed from that order to this court in a separate appeal.

In June 2000, Mr. Kozeny filed applications to stay the London proceeding pending resolution of the Colorado case on the grounds that defending in two jurisdictions would be burdensome and Colorado was a more convenient forum. The London court denied the application and found that London is a convenient forum. Immediately after the London court's ruling, plaintiffs moved to stay the Colorado action pending the disposition of the London proceedings. After a hearing, the district court concluded that it had inherent authority to grant the stay. In a careful analysis of the exercise of this power, the court recognized that the mere fact that there are parallel proceedings in a foreign jurisdiction does not by itself constitute an exceptional circumstance justifying a stay. *Kozeny II*, 115 F. Supp. 2d at 1246. The court then analyzed six factors that other circuits have developed in determining the propriety of a stay when there are foreign parallel proceedings and concluded that all of them weighed in favor of staying the Colorado proceedings pending the outcome of the London case. *Id.* at 1247-49. Defendants appealed from this order, stating in the docketing statement that the basis of their appeal was 28 U.S.C. § 1651 (the "all writs" statute); that they were

-3-

going to petition for mandamus; and that they had appealed to preserve their rights. We ordered briefing on why the appeal should not be dismissed for lack of a final, appealable order. Plaintiffs then moved for dismissal for lack of appellate jurisdiction, arguing that the order was not final under *United States v. Section 17 Township 23 North, Range 22 East of the IBM, Delaware County, Oklahoma*, 40 F.3d 320 (10th Cir. 1994). Defendants did not respond to the motion. Defendants then filed this petition for mandamus relief.

## II. Discussion

Defendants seek an order mandating the district court to lift the stay and proceed to determine the case before it. They first argue that the district court had no authority to order a stay because COCCA requires that "[i]n any action brought under this section, the district court shall proceed as soon as practicable to the hearing and determination." § 18-17-106(5). They next argue that, if the court had authority to issue a stay, it abused its discretion by doing so.

**A. Whether the stay order is a final, appealable order.** As a threshold matter, this court must be satisfied that mandamus, as opposed to appeal, is the proper vehicle for review of the stay order. Defendants have not addressed this issue in their petition. In *State Farm Mutual Automobile Insurance Co. v. Scholes*, 601 F.2d 1151 (10th Cir. 1979), the court noted that, because a district court's decision to defer proceedings is generally committed to the court's

-4-

discretion and is not a final order for purposes of appeal, mandamus is the *only* available means to review the grant or refusal of a stay of proceedings. *Id.* at 1153-54. In 1983, however, the Supreme Court in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 10-11 (1983), held that when a federal court has predicated a stay order on the exceptional circumstances test enunciated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), it may be immediately appealable either as a final order or under the collateral order exception to the finality rule defined in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). If the court has before it both an appeal and a petition for mandamus, as in this case, and the order is properly reviewable by way of appeal, the court must review the stay order through appeal rather than mandamus. *Moses H. Cone*, 460 U.S. at 8 n.6 ("[A] court of appeals has no occasion to engage in extraordinary review by mandamus . . . when it can exercise the same review by a contemporaneous ordinary appeal.").

Although *Moses H. Cone* was factually based on parallel federal and state court proceedings, we believe that the same principles govern parallel federal and international court proceedings. Thus, if the stay rests on a conclusion that the federal and international actions involve identical claims and parties and the resolution of the international suit would thereby end the litigation in the federal

forum because of the *res judicata* effect of the international judgment, the stay is a final order for purposes of appeal. *Cf. id.* at 10.

Citing *Colorado River*, which was an abstention case, the district court noted that federal courts have shown reluctance to decline jurisdiction in the face of their obligation to do so. *Kozeny II*, 115 F. Supp. 2d at 1246. The court found that the Colorado and London cases were "substantially similar" in that they both alleged fraud in the sale of privatization vouchers and options arising out of agreements between the plaintiffs and Mr. Kozeny. *Id.* at 1247. The court had previously preliminarily found that the three corporate defendants not named in the London action were "shell corporations controlled by Mr. Kozeny through which he shelters fraudulently obtained assets." *Id.* Thus, even though the corporate defendants were not named in the London action, because they were so connected to Mr. Kozeny, the court believed they were sufficiently related to the action for the stay to be fair. The court found that a stay would promote judicial efficiency by reducing duplicative discovery and that "simultaneous adjudications regarding identical facts and highly similar legal issues creates the risk of inconsistent judgments." *Id.* at 1247-48. In this regard, the case is factually similar to the one in *Colorado River*. The court recognized, however, that plaintiffs were requesting a type of relief in Colorado not available in London, *id.* at 1248, and that, although the central issue of fraud would be finally decided, the

-6-

parties would return to Colorado to litigate the remaining issues and causes of action, *id.* at 1249. Defendants concede that "[t]he COCCA, RICO, and federal securities claims have not and cannot be brought in the London actions." Pet. at 8. Thus, termination of the London case will not necessarily end the litigation in Colorado, and it appears that the stay order is therefore not final under *Moses H. Cone*. *See Boushel v. Toro Co.*, 985 F.2d 406, 408 (8th Cir. 1993) (holding that because resolution of foreign action would not effectively end federal action even though the actions "overlap[ped] to a large degree," stay order was not final, appealable order under *Moses H. Cone*).

**B. Whether the stay order is an appealable collateral order.** Our inquiry does not end here, however, for we must next answer the question whether the stay is an appealable collateral order. To qualify as a reviewable collateral order under *Cohen*, "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Moses H. Cone*, 460 U.S. at 11 (quotation omitted). If the stay order "amounts to a refusal to adjudicate the merits," it "plainly presents an important issue separate from the merits," thereby satisfying the second prong of the *Cohen* doctrine. *Id.* In

*Moses H. Cone*, because the stay order effectively would result in the defendants

losing their federal forum, the Court found that all three prongs were met. *See id.*

In 1994 the Supreme Court held that the *Cohen* doctrine requirements are stringent and apply to only certain classes of cases. *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994). In *Section 17 Township 23 North,* our court applied *Digital Equipment* to stay orders and concluded that, in determining whether the second prong of *Cohen* is met, the reviewing court must "focus on the right at stake and the loss to the [party seeking to reverse a stay] if review is denied." 40 F.3d at 322. The defendants in *Section 17 Township 23 North* sought to immediately defend a federal forfeiture action rather than to wait until criminal proceedings against them in state court were concluded. This court held that "this is not the type of 'important' right which the Supreme Court contemplated as requiring immediate review in *Digital*," and therefore did not "come within the collateral order doctrine." *Id.* We hold that the case before us is factually closer to *Section 17 Township 23 North* than it is to *Moses H. Cone* precisely because the stay order does not foreclose the defendants' opportunity to have the controversy settled in the federal forum--it simply delays it. Further, the district court did not expressly rely on the *Colorado River* doctrine as the basis for its stay, which was a key factor in *Moses H. Cone*. *See* 460 U.S. at 28 ("[T]he decision to invoke *Colorado River* necessarily contemplates that the federal court

will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.").

In collecting cases that deal with appellate jurisdiction over stay orders, the Third Circuit noted that the distinction between the cases that find a stay order to be final and appealable and those that do not is whether the essential elements of the *Colorado River* doctrine were present--parallel parties, parallel claims, and a "realistic possibility that the federal action would thereafter be precluded." *Michelson v. Citicorp Nat'l Servs., Inc.*, 138 F.3d 508, 515 (3d Cir. 1998). If the stay merely delays the federal litigation, courts have generally held the stay orders not to be appealable. *See id.* Because this stay order is neither a final, appealable order under *Moses H. Cone* nor an appealable collateral order under *Section 17 Township 23 North*, we hold that the review of the district court's stay order is properly before us on mandamus.

**C. Whether the stay order is prohibited by COCCA.** In their brief supporting the petition for mandamus, defendants strenuously argue the merits of the injunction, *see* Pet. at 18-28, which is the subject of a separate appeal. Their major thrust is that a court's inherent power to order stays is interdicted by the COCCA's requirement that the court proceed on the merits as soon as practicable. The district court disagreed, concluding that (1) the COCCA does not absolutely bar a stay; (2) § 18-17-106(5) reflects a legislative intent to afford courts

-10-

discretion to assess each circumstance; and (3) staying the proceedings actually satisfies the Act's speedy trial requirement because "the London case likely will proceed to trial a good deal sooner than the Colorado action." *Kozeny II*, 115 F. Supp. 2d at 1249. Contrary to defendants' assertion that the district court stayed the Colorado action "indefinitely," the court stayed it only until resolution of the London proceedings and subject to the court's continuing jurisdiction to approve and supervise the lease and/or sale of the Aspen house and the disbursements of the lease proceeds. Defendants cite no case law or other authority to support their proposition that COCCA absolutely proscribes a federal court's inherent discretion to order a stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). We conclude that COCCA does not interdict the court's authority to order a stay, but that its requirement that a court proceed to the merits "as soon as practicable" is a factor that the court should consider in deciding whether to grant the stay. We further hold that the district court properly considered COCCA's requirements in determining whether to grant the stay.

**D. Whether defendants have established a clear and indisputable right to proceed in federal court.** Defendants' alternate contention that, if the district court had authority to grant the stay, it abused its discretion such that mandamus is proper, is also poorly supported in fact and law. Defendants cite no controlling Tenth Circuit law and did not challenge the district court's use of *Boushel*, 985 F.2d 406, as the proper basis for its analysis. We note, however, that defendants' burden is to show that the district court so grossly abused its discretion that their right to proceed is "clear and indisputable"--not simply that the court may have erred in balancing the factors it considered. *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662 (1978).

In reversing the Seventh Circuit, the Court in *Will* first focused on the nature of mandamus relief as opposed to direct appeal. *Id.* at 661. "Whereas a simple showing of error may suffice to obtain a reversal on direct appeal, to issue a writ of mandamus under such circumstances would undermine the settled limitations upon the power of an appellate court to review interlocutory orders." *Id.* (quotation omitted). The court then noted that a federal court is under no compulsion to exercise jurisdiction over a case that may be settled more expeditiously in another court. *Id.* at 662-63. Whether to do so was a decision "largely committed to the carefully considered judgment of the district court." *Id.* at 663 (quotation and citation omitted). The Court stated that "[n]o one can

-12-

seriously contend that a busy federal trial judge, confronted both with competing demands on his time for matters properly within his jurisdiction and with inevitable scheduling difficulties . . . is not entrusted with a wide latitude in setting his own calendar." *Id.* at 665. Another important factor was that, because the district court had not dismissed the action, the court's decision was not final, and the plaintiff could urge reconsideration of the decision to defer. *Id.* When a matter is committed to the discretion of a court, it cannot be said that the petitioner's right to a particular result is "clear and indisputable," thus the Court held that the court's decision to stay the action "ought not to be overridden by a writ of mandamus." *Id.* at 665-66.

The district court gave cogent reasons for granting a limited stay, considering all the relevant factors and balancing them against defendants' right to immediately proceed to trial. *Cf. Michelson*, 138 F.3d at 518 (stating that mandamus may be proper when "an indefinite stay entered for no supportable reason" has been issued). Because defendants have not established that their right to immediately proceed is clear and indisputable under *Will*, we deny their petition for mandamus.

Entered for the Court
PATRICK FISHER, Clerk

By:
　　Keith Nelson
　　Deputy Clerk
