**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN J. SIGG,

        Plaintiff-Appellant,

v.

DISTRICT COURT OF ALLEN
COUNTY, KANSAS, 31st JUDICIAL
DISTRICT; LINDA L. SIGG;
STEVEN B. DOERING; LARRY A.
PRAUSER; SPECIAL MASTER C.
DAVID NEWBERRY,

        Defendants-Appellees.

No. 07-3140
(D.C. No. 06-CV-2436-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **EBEL**, Circuit Judges.

      John J. Sigg appeals pro se from the district court's dismissal of his

complaint and we affirm. His claims relate to an ongoing divorce proceeding in

the District Court of Allen County, Kansas (State Court). In addition to the State

_____

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Court, the defendants are Mr. Sigg's ex-wife, Linda L. Sigg; her counsel, Steven B. Doering and Larry A. Prauser; and a Special Master appointed by the State Court, C. David Newberry. Mr. Sigg brought claims under 42 U.S.C. § 1983, alleging that defendants conspired to deprive him of property without due process, in violation of the Fourteenth Amendment. He also alleged state law claims of conspiracy, fraud, and intentional infliction of emotional distress.

The district court granted the defendants' motions to dismiss. It concluded that sovereign immunity under the Eleventh Amendment barred all of Mr. Sigg's claims against the State Court and Special Master Newberry in his official capacity. It dismissed all of his claims against Special Master Newberry in his individual capacity on the ground of absolute judicial immunity. The district court dismissed his due process and conspiracy claims against the remaining defendants because he failed to allege that his post-deprivation state-law remedy was inadequate, holding: "The right of direct appeal is plaintiff's adequate post-deprivation remedy in this case, and he makes no argument why such an appeal does not ultimately provide him due process even if the [state] District Court erroneously deprives him of property in the course of his divorce proceeding." R., Doc. 46 at 4. The court also granted in part Mr. Doering's motion to dismiss the state-law claims. Having dismissed all of Mr. Sigg's federal claims, the district court declined to exercise supplemental jurisdiction over his remaining state law claims and entered judgment in favor of defendants.

Mr. Sigg raises several claims of error[1]: (1) the district court failed to view the facts in the light most favorable to him and ignored his new evidence; (2) the court erred in dismissing his claims based on sovereign immunity and should have allowed him to amend his complaint to name individual judges as defendants; (3) the district court misapplied the *Younger*[2] abstention doctrine and the requirement under § 1983 that defendants acted under color of state law; (4) he sufficiently alleged his state-law claims for fraud and conspiracy; and (5) the district court should not have dismissed his complaint when a magistrate judge in the same case ordered the parties to mediate. He seeks a remand to the district court and a writ of mandamus ordering mediation.

Mr. Sigg's appeal borders on being frivolous. First, because the district court's orders are properly reviewable by way of appeal, we do not address his request for mandamus relief. *See In re Kozeny*, 236 F.3d 615, 618 (10th Cir. 2000) ("A court of appeals has no occasion to engage in extraordinary review by mandamus when it can exercise the same review by a contemporaneous ordinary appeal." (quotation and alterations omitted)). We also do not address issues he failed to raise in the district court. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (applying "general rule that a federal appellate court

---

[1] We have liberally construed Mr. Sigg's brief on appeal. *See de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007).

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

does not consider an issue not passed upon below." (quotation omitted)).

Mr. Sigg did not move to amend his complaint to add additional defendants. Nor did he argue in the district court that the case should have been mediated rather than dismissed. As to the other issues raised in Mr. Sigg's appeal brief, we have reviewed the record and the district court's orders, and finding no reversible error, we affirm for substantially the reasons set forth in the district court's orders dated March 23 and April 19, 2007.

      The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge