FILED
United States Court of Appeals
Tenth Circuit

**May 5, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PHILLIP MARTIN,

  Plaintiff-Appellant,

v.

CORNELL COMPANIES, INC.;
WARDEN SAM CALBONE; NURSE
TILLIE; NURSE LEDFORD;
RICHARD BARGER, Program
Director; C. HOWELL, Ed. Asst. of
CCI; STEVE DEVAUGHN, Major;
DWAYNE BRANNAN, SIS Lt. CCI;
L. GARRISON, Captain,

  Defendants-Appellees.

No. 09-6148
(D.C. No. 5:06-CV-01117-D)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **McKAY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**,
Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Phillip Martin, an Oklahoma state prisoner proceeding pro se,[1] appeals the district court's orders granting defendants' motions to dismiss and for summary judgment on his claims brought under 42 U.S.C. § 1983. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

BACKGROUND

Mr. Martin was formerly incarcerated at the private prison, Great Plains Correctional Facility, which is owned and operated by defendant Cornell Companies, Inc., under a contract with the Oklahoma Department of Corrections. He filed this § 1983 action against Cornell Companies and various individuals employed at Great Plains Correctional Facility alleging (1) breach of the contractual obligation to provide qualified personnel who would follow and fulfill the terms of the contract; (2) unlawful confiscation and destruction of property; (3) retaliation; (4) conspiracy to retaliate; (5) violation of due process through a conspiracy to delay a sentence reduction; (6) failure to respond to a grievance; (7) failure to provide proper medical care and access to medical records; (8) arbitrary and capricious classification; (9) wrongful job termination; (10) entry of perjured information in the state court record; (11) defamation; (12) violation of the Oklahoma Constitution; and (13) issuance of a false rule infraction. Defendants moved to dismiss or for summary judgment. The

_____

[1]     Because Mr. Martin is representing himself on appeal, we liberally construe his pleadings, but we do not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

magistrate judge recommended that the district court (1) dismiss without prejudice as unexhausted the confiscation and destruction of property, denial of medical care, improper classification, and wrongful job termination claims; (2) dismiss without prejudice for failure to state a valid claim the deprivation of due process through a conspiracy to delay a sentence reduction and failure to respond to a grievance claims; (3) dismiss with prejudice for failure to state a valid claim the entry of perjured information on the state-court record and issuance of a false rule infraction claims; and (4) deny the motion to dismiss on the denial of access to medical records, retaliation, conspiracy to retaliate, defamation, and violation of the Oklahoma Constitution claims. Mr. Martin moved to adopt the magistrate judge's recommendation. The district court did so, rejecting defendants' objections.

Volunteer counsel represented Mr. Martin for the remainder of the district court proceedings. Defendants moved for summary judgment on the claims that had not been dismissed. The court granted the motion, determining that (1) Mr. Martin failed to argue facts or provide legal authority precluding summary judgment on the access to medical records and violation of the Oklahoma Constitution claims; (2) there was insufficient evidence to support an inference by a fair-minded jury of a retaliatory motive; (3) the conspiracy to retaliate claim lacked the required existence of an agreement and concerted action toward retaliation; and (4) the defamation claim was time-barred.

Mr. Martin appealed. He argues that (1) Cornell Companies was required by contract with the Oklahoma Department of Corrections to provide qualified personnel to implement the terms and conditions of the contract; (2) he received inadequate medical care and was denied access to his medical records; (3) he exhausted his administrative remedies; (4) he received a misconduct and his custody status was changed in retaliation for filing a grievance; (5) defendants falsely described him as a management problem and his defamation claim was not time-barred; (6) he was improperly terminated from his prison job; (7) the individual defendants conspired to retaliate against him by instituting disciplinary action, causing him to be placed in restrictive housing, to be demoted, to suffer delay of and removal of his earned credits, and to be transferred to a higher security facility; and (8) his two volunteer counsel were ineffective.

## ANALYSIS

### Contract Claim

Mr. Martin first asserts the contract claim that he raised in his complaint. This claim was not decided in either of the district court's orders, and Mr. Martin never objected in the district court that it was not addressed. Moreover, he never listed this claim in the parties' joint status report and discovery plan. Because it was not listed, it is waived, even though it appeared in the complaint. *Cf. Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) ("claims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they

appeared in the complaint"). We will not consider this claim in the first instance. *See Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1271 (10th Cir. 2000) (recognizing that this court will consider matters not argued in district court only in unusual circumstances when public interest is implicated or manifest injustice would result, or when issue is matter of law with certain resolution).

*Claims Decided by the Order Addressing the Motion to Dismiss*

Mr. Martin's appellate arguments concerning the claims dismissed in the district court's order adopting the magistrate judge's report and recommendation are waived. Mr. Martin asked the district court to adopt the magistrate judge's recommendation that these claims be dismissed, and the court did so. Mr. Martin cannot now change his mind and ask us to review the claims.

*Claims Decided by the Order Addressing the Motion for Summary Judgment*

Mr. Martin argues that the district court improperly granted summary judgment on his access to medical records, retaliation, conspiracy, and defamation claims. "This court reviews an award of summary judgment *de novo*, viewing the record in the light most favorable to the non-moving party." *Abdulhaseeb v. Calbone*, ___ F.3d ___, No. 08-6092, 2010 WL 1254350, at *6 (10th Cir. Apr. 2, 2010) (quotation marks omitted). The district court appropriately grants summary judgment "if the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

Applying these standards, we have carefully reviewed the parties' appellate briefs, the district court record, and relevant legal authority. After doing so, we conclude, for substantially the same reasons stated by the district court in its order filed July 24, 2009, that summary judgment was appropriate. R. at 551-62.

*Ineffective Assistance of Counsel*

Mr. Martin argues that his two volunteer counsel were ineffective.[2] We reject this argument because there is no constitutional right to the assistance of counsel in civil cases. *See MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).

MANDAMUS AND PROHIBITION

Mr. Martin requests that we exercise our original jurisdiction to issue a writ of mandamus and prohibition (1) directing his second volunteer counsel to provide him with copies of all documents from his case in the district court, all correspondence, and all medical files subpoenaed by his first volunteer counsel; and (2) prohibiting counsel from selling or delaying providing the documents to him. Also, Mr. Martin seeks a writ of mandamus and prohibition against the Oklahoma Department of Corrections and its personnel preventing it from causing delay or obstructing his access to the courts by limiting his use of the law library. Even assuming that Mr. Martin appropriately seeks mandamus or prohibition

---

[2]   The first volunteer counsel moved to withdraw based on a conflict of interest. After withdrawal, subsequent volunteer counsel entered an appearance.

relief against his counsel and the Oklahoma Department of Corrections, we conclude that Mr. Martin has failed to show that his right to either a writ of mandamus or of prohibition is clear and indisputable. *See In re Kozeny*, 236 F.3d 615, 620 (10th Cir. 2000) (mandamus); *Sangre de Cristo Cmty. Mental Health Serv., Inc. v. United States (In re Vargas)*, 723 F.2d 1461, 1468 (10th Cir. 1983) (prohibition). The district court documents are before us in the record on appeal, and Mr. Martin has alternative remedies to obtain the other relief he desires, *see Mallard v. United States Dist. Ct.*, 490 U.S. 296, 309 (1989) (requiring mandamus "petitioner[ to] show that [he] lack[s] adequate alternative means to obtain the relief [he] seek[s]"). Accordingly, we deny this motion.

CERTIFICATION OF STATE LAW QUESTION

Mr. Martin moves for certification of several questions, which he contends are questions of state law, involving his contract claim and various other claims decided by the district court. Certification may be "appropriate where the legal question at issue is novel and the applicable state law is unsettled." *Enfield ex rel. Enfield v. A.B. Chance Co.*, 228 F.3d 1245, 1255 (10th Cir. 2000) (quotation marks omitted). But "[w]e generally will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court." *Id.* (quotation marks omitted).

Mr. Martin sought certification only after he received an unfavorable district-court decision and the questions he presents for certification are neither novel nor unsettled by state law. Thus, we deny certification.

## CONCLUSION

The judgment of the district court is AFFIRMED. Mr. Martin's (1) application to assume original jurisdiction and petition for a writ of mandamus and prohibition and (2) motion to certify a question of state law are DENIED. Although Mr. Martin was granted leave to proceed on appeal without prepayment of the appellate filing fee, he is reminded that he must continue to make partial payments until the fee is paid.

Entered for the Court


Monroe G. McKay
Circuit Judge