**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1573
_____

ERIE INSURANCE EXCHANGE, an unincorporated association,
by members PATRICIA R. BELTZ; JOSEPH S. SULLIVAN; ANITA SULLIVAN;
PATRICIA R. BELTZ, on behalf of herself and others similarly situated,

Appellants

v.

RICHARD L. STOVER; J. RALPH BORNEMAN, JR.;
TERRENCE W. CAVANAUGH; JONATHAN HIRT HAGEN;
SUSAN HIRT HAGAN; THOMAS B. HAGEN; C. SCOTT HARTZ;
CLAUDE C. LILLY, III; LUCIAN L. MORRISON; THOMAS W. PALMER;
MARTIN P. SHEFFIELD; ELIZABETH H. VORSHECK;
ROBERT C. WILBURN; ERIE INDEMNITY COMPANY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-13-cv-00037)
District Judge: Hon. Maurice B. Cohill, Jr.
_____

Argued June 8, 2015

BEFORE: AMBRO and COWEN,  Circuit Judges
RESTANI*, Judge

_____

* Honorable Jane A. Restani, Judge for the United States Court of International Trade,
sitting by designation.

(Filed: July 16, 2015)

_____

OPINION**
_____

William M. Martin, Esq.
William M. Radcliffe, III, Esq. (Argued)
Radcliffe & DeHaas
2 West Main Street
Suite 700, P.O. Box 2012
Uniontown, PA 15401

        Counsel for Appellants Erie Insurance Exchange,
        Patricia R. Beltz, Joseph Sullivan, and Anita Sullivan

Matthew R. Divelbiss, Esq.
Thomas S. Jones, Esq.
Katelyn M. Matscherz, Esq.
Jones Day
500 Grant Street
Suite 4500
Pittsburgh, PA 15219

Geoffrey J. Ritts, Esq.
Jones Day
901 Lakeside Avenue
North Point
Cleveland, OH 44114

        Counsel for Appellees Richard L. Stover,
        J. Ralph Borneman, Jr., Terrence W. Cavanaugh,
        C. Scott Hartz, Claude C. Lilly, III, Lucian L. Morrison,
        Thomas W. Palmer, Martin P. Sheffield, and
        Robert C. Wilburn

_____

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Wallace J. Knox, Esq.
Knox, McLaughlin, Gornall & Sennett
120 West Tenth Street
Erie, PA 16501

Lawrence G. McMichael, Esq.
Patrick M. Northen, Esq.
Dilworth Paxson
1500 Market Street
Suite 3500E
Philadelphia, PA 19102

      Counsel for Appellee Jonathan Hirt Hagen,
      Susan Hirt Hagan, and Thomas B. Hagen

Dorothy A. Davis, Esq.
Amy J. Roy, Esq.
Mark A. Willard, Esq.
Eckert, Seamans, Cherin & Mellott
600 Grant Street
44th Floor, US Steel Tower
Pittsburgh, PA 15219

      Counsel for Appellee Elizabeth H. Vorsheck

Steven B. Feirson, Esq. (Argued)
Michael L. Kichline, Esq.
Donald C. Le Gower, Esq.
Dechert
2929 Arch Street
18th Floor, Cira Centre
Philadelphia, PA 19104

Ira L. Podheiser, Esq.
Burns White
106 Isabella Street
Four Northshore Center

3

Pittsburgh, PA 15212

Counsel for Appellee Erie Indemnity Co.

COWEN, <u>Circuit Judge</u>.

The plaintiffs-appellants are Erie Insurance Exchange ("Exchange"), and four of its policyholders (together with Exchange, "Appellants"). They have appealed a ruling by the District Court referring certain issues to the Pennsylvania Insurance Department ("the Department"). We conclude that we lack jurisdiction to hear the appeal because the District Court's order referring the matter to the Department is not final pursuant to 28 U.S.C. § 1291.

**I.**

Because we write solely for the parties, we will only set forth the facts necessary to inform our analysis.

Exchange is an unincorporated Pennsylvania association that issues insurance policies. It has no employees, officers, board, bylaws, or organizing documents and is run by defendant Erie Indemnity Company ("Indemnity") pursuant to a subscriber agreement (the "Subscriber Agreement"). Exchange is a reciprocal insurance exchange created pursuant to Pennsylvania statute. *See* 40 Pa. Stat. § 961 (2015). Indemnity is the attorney-in-fact for the subscribers of Exchange and operates and manages Exchange. Both Exchange and Indemnity are members of the Erie Insurance Group, an insurance holding company system regulated by the Pennsylvania Insurance Holding Company Act ("IHCA"), 40 Pa. Stat. §§ 991.1401, et seq.

4

Appellants initially filed a state court action against only Indemnity in the Court of Common Pleas of Fayette County, Pennsylvania. After Indemnity failed to successfully remove that case to federal district court, the matter returned to state court. While that state court action was pending, Appellants brought a diversity action in federal court against Indemnity's trustees (together with Indemnity, "Appellees"), asserting, *inter alia*, state common law claims on behalf of Appellants for breach of fiduciary duty and breach of contract. Although not named as a defendant in the federal lawsuit, Indemnity filed a motion to intervene in the federal lawsuit, which was granted.

Appellants' federal complaint alleges that in return for services Indemnity provides as attorney-in-fact, it is paid a fixed percentage of all written and assumed premiums received by Exchange and that it is entitled to receive a maximum of 25% of those premiums. Despite this, Appellants claim that Indemnity's trustees authorized or permitted it to collect "service charges" and "added service charges" (collectively, "Service Charges"). As a result, Indemnity allegedly received more compensation than the determined percentage it was permitted to collect for its services pursuant to the Subscriber Agreement and received additional compensation for services it was already required to perform. Appellants assert that this money should have been transferred to Exchange.

Following Appellants' decision to file in federal court, the Court of Common Pleas of Fayette County issued a stay in Appellants' state court action and referred certain issues to the Department. In so doing, the state court noted the "specialized complexities involved in insurance generally, and in the regulation of this industry in particular," as well as the fact

5

that the IHCA "provides the Department with special competence to address the subject matter of [Appellants'] claims." (S.A. 21, 22.) Appellees then filed a motion to dismiss the complaint in federal court, seeking, in part, referral of the issues in that action to the Department as well.

The District Court granted Appellees' request to refer the case to the Department, noting that the federal action was nearly identical to the case filed in state court and raised the same issues. The Court accordingly entered an order that, among other things, granted the Appellees' motion to the extent it sought referral to the Department and authorized the Department "to decide any and all issues within its jurisdiction." (App. 7.) The Court then dismissed Appellants' case without prejudice. The current appeal followed.

Following the referral orders, the parties stipulated that there will only be one proceeding before the Department and that, should the referral order in this case be affirmed, the Department's guidance in the state court matter will be applied to this case. The Department, in accepting the state court's referral, limited the issue for its determination to whether Indemnity's retention of the Service Charges meets the standards set forth in the IHCA, including whether those transactions were fair and reasonable.

On April 29, 2015, the Department issued a declaratory order, concluding that Indemnity "complied with applicable insurance laws and regulations" and "properly retained charges paid by Exchange policyholders for certain installment premium payment plans, dishonored payments, policy cancellations and policy reinstatements." (Dep't Declaratory Op. at 85 (Attached to Appellees' Letter to the Court Dated May 11, 2015).)

6

## II.

As a threshold matter, we must determine if the District Court's referral to the Department, a state administrative agency, pursuant to the doctrine of primary jurisdiction, constitutes a final order. Because we conclude that it is not, we lack jurisdiction over this appeal.

We have appellate jurisdiction only over final orders of the district courts pursuant to 28 U.S.C. § 1291. Generally, a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Praxis Props., Inc. v. Colonial Sav. Bank, S.L.A.*, 947 F.2d 49, 54 n.5 (3d Cir. 1991) (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945)). A final order for purposes of section 1291 is one that effectively places the parties out of federal court. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 9 (1983).

But the Supreme Court has noted that referrals on the basis of primary jurisdiction do not expel the parties from federal court. Rather, such referrals are better viewed as "judicial abstention in cases where protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme. Court jurisdiction is not thereby ousted, but only postponed." *United States v. Phila. Nat'l Bank*, 374 U.S. 321, 353 (1963) (citation omitted); *see also United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63-64 (1956) (noting that in cases referring issues on the basis of primary jurisdiction, "the judicial process is suspended pending referral of such issues to the administrative body for its views.").

7

We have echoed these sentiments in our own jurisprudence. In *Richman Bros. Records, Inc. v. U.S. Sprint Commc'ns Co.*, 953 F.2d 1431, 1433 (3d Cir. 1991), we addressed whether a district court's order referring a discrete question to a federal agency constituted a final order. Relying heavily on our precedent in *Balt. Bank for Coops. v. Farmers Cheese Coop.*, 583 F.2d 104, 108 (3d Cir. 1978), a *Burford*-type abstention case, we noted the contrast between the abstention order at issue there and a referral order issued pursuant to the doctrine of primary jurisdiction. We drew the distinction as follows:

> [A]dministrative abstention orders, which completely relinquish federal jurisdiction by giving way to *state* administrative agencies, are final decisions appealable under section 1291; orders transferring discrete issues involving regulatory expertise under the doctrine of primary jurisdiction, by giving way to a *federal* administrative agency, are not final decisions appealable under section 1291.

*Richman Bros.* at 1442 (all emphases in original). In concluding that the order at issue fell into the latter category, and was therefore not final, we stressed that "[i]t is abstention's end to federal court proceedings in deference to state court or state agency proceedings that underlies the general rule that a district court's decision to abstain is appealable." *Id.* at 1443 (citing *Moses H. Cone*, 460 U.S. at 8-10)).

Applying this principle of finality here requires us to reject Appellants' appeal. As an initial matter, we note that it is immaterial that the District Court opted to dismiss the action without prejudice rather than issue a stay. Although the latter option might have been more prudent, we generally do not consider orders dismissing without prejudice to be final because they contemplate a return to federal court. *See Ahmed v. Dragovich*, 297

8

F.3d 201, 207 (3d Cir. 2002) ("[A]n order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint."). Indeed, Appellants' arguments notwithstanding, the Supreme Court has specifically sanctioned dismissal without prejudice as appropriate when referring issues to an administrative agency on the basis of primary jurisdiction. *See Reiter v. Cooper*, 507 U.S. 258, 268-69 (1993) ("Referral of the issue to the administrative agency does not deprive the court of jurisdiction; it has discretion to either retain jurisdiction or, if the parties would not be unfairly disadvantaged, to dismiss the case without prejudice.").

More importantly, we discern no justification for deeming the District Court's referral order final. First, there is no statute of limitations bar to Appellants returning to federal court. As Appellees stated on the record at oral argument, they agree not to raise any statute of limitations challenge regarding the period of time from the District Court's dismissal without prejudice to the time Appellants return to the District Court to litigate their contract and tort claims, should Appellants choose to do so. Second, there is nothing in the District Court's referral order that indicates the Court transferred the entire matter to the state agency for a dispositive ruling. To be sure, the District Court could have more clearly articulated the precise issues that it was referring to the Department. But its failure to do so does not automatically render the referral order final. Instead, the District Court's instruction that the Department decide only those issues "within its jurisdiction" evidences its contemplation that it would be left to resolve certain remaining issues. (App. 7.) That this was the District Court's intent is bolstered by its decision to dismiss the action without

9

prejudice, allowing Appellants to re-file their complaint and return to federal court. *See*
*Richman Bros.*, 953 F.2d at 1439 (noting that the district court's decision to issue a stay
would make "no sense if the court had decided it would never have anything more to do
with the case.").

Third, in deciding to transfer the issues to the Department, the District Court relied
solely on the state court's decision, noting that the "instant case is nearly identical to the
case filed in the Court of Common Pleas of Fayette County and raises the same issues."
(App. 6). But the state court referred the matter to the Department only insofar as it could
offer expertise based on its power "to regulate the business affairs and assets of Exchange
and is able to determine the fairness and reasonableness of intercompany transactions
between Exchange and Indemnity." (S.A. 19-20.) This language suggests that while the
District Court, and the state court for that matter, were seeking guidance from the
Department as to the nature of Indemnity's Service Charges, as well as the fairness and
reasonableness of its transactions with Exchange, in no way were the courts referring to it
questions about Appellees' fiduciary and contractual duties.

Fourth, that the order referred only limited issues to the Department, and not the
entire matter, finds support in Appellants' own arguments regarding whether the District
Court properly referred the matter on the basis of primary jurisdiction. Although we need
not pass judgment at this stage as to the merits of these arguments, Appellants have
consistently argued, both here and before the District Court, that the Department lacks any
authority to even decide the ultimate issues regarding whether they breached their fiduciary

10

duty or violated the terms of any contract. (*See* Appellants' Br. at 25-26; *see also* Appellees' Br. at 20 (conceding that Appellants "may return to the District Court to determine the effect of the Department's guidance, if any, on their claims.").) Appellants would, therefore, ostensibly agree that ultimate resolution of those issues must be decided by the federal courts. *See MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1105 (3d Cir. 1995) (noting that primary jurisdiction applies where "the administrative agency cannot provide a means of complete redress to the complaining party and yet the dispute involves issues that are clearly better resolved in the first instance by the administrative agency charged with regulating the subject matter of the dispute.") (quotation marks and citation omitted).

Finally, we note the existence of an additional factual reason to find here that the referral order would not effectively end the federal litigation. The parties have stipulated that there will only be one proceeding before the Department and that, should the referral order in this case be affirmed, the Department's guidance in the state court matter will be applied to this case. It is therefore instructive that the Department, in accepting the state court's referral, limited the issue for its determination to whether Indemnity's retention of the service charges and added service charges meets the standards set forth in the IHCA, including whether those transactions were fair and reasonable. Indeed, on April 29, 2015, the Department issued its decision, concluding only that Indemnity's retention of the Service Charges complied with applicable insurance law. As the Department noted, "[t]he sole issue before [it] is whether the transactions violated the standards contained in the

11

IHCA." (Dep't Declaratory Op. at 47 (Attached to Appellees' Letter to the Court Dated May 11, 2015).) In other words, "whether Indemnity properly retained or received certain service charges paid by Exchange subscribers for certain installment premium payment plans, late or returned premium payments, and policy reinstatements." (*Id*.)

In sum, because the District Court's referral order does not necessarily bring an end to the federal litigation, it is not a final order for purposes of section 1291. *See Richman Bros.*, 953 F.2d at 1443 (noting that, unlike the typical primary jurisdiction case, abstention orders are final because they end the federal courts' role in the litigation); *see also In re Kozeny*, 236 F.3d 615, 619 (10th Cir. 2000) (recognizing that although the foreign action would resolve a central issue in the federal case, because "termination of the [foreign] case [would] not necessarily end the [federal] litigation," the district court's stay order was not final).

## III.

In light of the foregoing, the appeal is dismissed for lack of jurisdiction.